**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SANDRO ZHININ,<br><br>Plaintiff<br><br>v.<br><br>BRADLEY BOOHER, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 3:25-CV-00223<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Defendant Tiffany Sottile[1] moves for summary judgment on Plaintiff Sandro Zhinin's First Amendment claim against her. (Doc. 33). Sottile's motion will be granted based on Zhinin's failure to properly exhaust administrative remedies, and the case will proceed against Defendant Bradley Booher.

## I. BACKGROUND AND PROCEDURAL HISTORY

As relevant here, the operative complaint (Doc. 6) alleges as follows: Zhinin, a prisoner at SCI-Benner Township, "is an avid practitioner of the Native American religion." In this religion, the Sweat Lodge Ceremony "is a sacrament similar to a Christian baptism, confession, death/birth, and the like." The prison provides a Sweat Lodge, but prisoners' ability to use the Sweat Lodge is subject to medical clearance. On October 6, 2023, Zhinin was notified that he was not medically cleared to participate in the Sweat Lodge. On March 11, 2024, after repeated efforts to ascertain the reason for the lack of medical clearance, Zhinin spoke with Sottile, a nurse practitioner working at the prison. Sottile allegedly "stated that she used [Zhinin's] medical history of [borderline] cholestero[l], anxiety condition, and recent

[1] Sottile was misnamed as "Sottily" in the operative complaint.

diagnosis of high blood pressure" to deny him medical clearance, and that Zhinin would "never be medically cleared," regardless of whether those conditions improved. In addition to monetary, declaratory, and nominal relief from defendants Sottile and Booher, the complaint requests an injunction directing Booher (the Superintendent of SCI-Benner Township) to "provide [inmates] the option of signing a Release of Responsibility Form, or the like."[2]

Zhinin was ultimately permitted to proceed on First Amendment claims against Sottile and Booher, and a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Booher. *See* (Doc. 8). On October 28, 2025, the Court denied Sottile's request to dismiss the claim against her pursuant to Federal Rule of Civil Procedure 12(b)(6), but converted her motion to a motion for summary judgment and permitted the parties to supplement the record accordingly. *See* (Doc. 27, Doc. 28); Fed. R. Civ. P. 12(d). Sottile then filed two renewed motions for summary judgment, rendering the initial motion moot. *See* (Doc. 45). Sottile's first renewed motion was denied without prejudice (Doc. 32), but the second is ripe for adjudication.

## II. LEGAL STANDARDS

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return

---

[2] The complaint requested relief from four other defendants who were dismissed at the screening stage. *See* (Doc. 8).

a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323.

## III. MATERIAL FACTS

The Pennsylvania Department of Corrections ("DOC") provides a three-part procedure for inmate grievances: initial review by a Grievance Officer, appeal to the Facility Manager, and final appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). As relevant here, the DOC prescribes the following requirements for grievances:

> 11. The text of the grievance must be legible, understandable, and presented in a courteous manner. The inmate must include a statement of the facts relevant to the claim.
>
> a. The statement of facts shall include the date, approximate time, and location of the event(s) that gave rise to the grievance.
>
> b. The inmate shall identify individuals directly involved in the event(s).
>
> c. The inmate shall specifically state any claims he/she wishes to make concerning violations of Department directives, regulations, court orders, or other law.
>
> d. If the inmate desires compensation or other legal relief normally available from a court, the inmate must request the specific relief sought in his/her initial grievance.

(Doc. 34-4 at 7-8 (DC-ADM 804)).

In the grievance relevant to this action, Grievance No. 1078906, Zhinin alleged that "[t]he DOC is denying my participation in the sweat lodge . . . I am considered not to be medically cleared, most recently in March 2024. The DOC/Benner SCI is not allowing me to practice my faith in its entirety and is denying me accommodations given to other religions." Zhinin further alleged that he had "spoke[n] with CRNP Sottil[e] about not being medically cleared." As relief, Zhinin requested that he be "allow[ed] to participate in the sweat lodge during the Sweat Lodge Ceremony by being provided the choice to give D.O.C./Benner SCI a release of responsibility." Zhinin also wrote: "Reserve the right to litigate in: Federal, Commonwealth, Common Pleas court." (Doc. 34-3 at 5-6).

Zhinin's grievance was denied by a Grievance Officer, after consultation with the medical staff (Doc. 34-3 at 3, 7). His appeal was denied on similar grounds by the Facility Manager (Doc. 34-3 at 9-11), and on final appeal to SOIGA, after further review by medical staff (Doc. 34-3 at 1-3, 13-14).

## IV. Discussion

Under the Prison Litigation Reform Act ("PLRA"), prisoners complaining about the conditions of their confinement must exhaust available administrative remedies before they file suit in federal court. 42 U.S.C. § 1997e(a). The PLRA requires proper exhaustion, meaning plaintiffs must administratively grieve their claims in accordance with the procedural rules of the prison in which they are incarcerated. *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Courts do not have discretion to waive or excuse this statutory requirement, even in "special circumstances," unless administrative remedies are "unavailable" to the prisoner-plaintiff. *See Ross v. Blake*, 578 U.S. 632 (2016).

In the operative complaint, Zhinin seeks monetary, declaratory, and nominal relief from Sottile. However, under the DOC's grievance rules, if an inmate is seeking "legal relief normally available from a court, the inmate must request the specific relief sought in his/her initial grievance." As explained in the Court's prior memorandum, Zhinin cannot pursue monetary or declaratory relief against Sottile because he did not request them in his grievance.[3] *See* (Doc. 27 at 8-9). His general statement in the grievance that he "reserve[d] the

---

[3] Zhinin argues that courts have "discretion to interpret relief sought" in a grievance, pointing to cases in which prisoners (1) requested injunctive relief without expressly using those words, or (2) expanded the scope of the initial grievance through the appeal process. *(footnote continued on next page)*

right to litigate" was insufficient for that purpose. *See Johnson v. Wireman*, 809 F. App'x 97, 99 (3d Cir. 2020) (prisoner who requested "whatever relief may be available under law" did not exhaust a claim for money damages); *Wright v. Fedder*, No. 2:23-CV-5099, 2025 WL 2825588, at *6-7 (E.D. Pa. Oct. 3, 2025) (listing cases). The remaining issue presented[4] by this motion is whether Zhinin can still proceed on an unexhausted claim for nominal damages against Sottile, given that (1) Zhinin properly exhausted a grievance to SOIGA regarding Defendants' alleged infringement of his religious rights, and (2) nominal damages do not need to be specifically alleged in a plaintiff's complaint. *See* (Doc. 27 at 8-9); *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000); *Jackson v. Mason*, No. 1:22-CV-00845, 2025 WL 2809344, at *17 n.14 (M.D. Pa. Sept. 30, 2025).

In general, nominal damages are "awarded by default until the plaintiff establishes entitlement to some other form of damages"; however, they satisfy the redressability element of Article III standing "even if [the plaintiff] cannot or chooses not to" seek other damages. *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 290-93 (2021). Sottile argues that the requirements of "proper exhaustion" — which in this case include requesting all desired "relief normally available from a court" in the initial grievance — must also apply to a claim for nominal damages. However, "it does not appear that the Third Circuit Court of Appeals or any other

---

However, Zhinin was clear and consistent in requesting only injunctive relief throughout the grievance process. Nothing in his grievance record could be interpreted as a request for monetary or declaratory relief or prison officials' consideration of such a request on the merits. *See* (Doc. 34).

[4] Sottile also contends that Zhinin's grievance was not "directed to" her, and that she was not involved in the policies Zhinin was grieving, which Sottile equates to a failure to exhaust. (Doc. 34 at 5). Since her motion is granted on other grounds, the Court does not address that argument.

circuit court has addressed this specific argument." *See Jackson*, 2025 WL 2809344, at *17 n.14. Accordingly, courts in this district have noted that it is unclear whether a request for nominal damages must be administratively exhausted.[5] However, there are cases in which courts applying the DOC's rules have dismissed unexhausted claims for nominal damages[6], and the Court's review has not revealed a case in which such a claim was explicitly permitted.

The Court concludes that in these circumstances, where the plaintiff has exhausted no other viable claims against a certain defendant, any claim for nominal damages against that defendant must be exhausted.[7] To permit an unexhausted, stand-alone claim for nominal damages could invite plaintiffs to sue in federal court without completing exhaustion in any form or even attempting to do so. This would frustrate the purposes of the PLRA's exhaustion requirement, which include giving the responding agency "an opportunity to correct its own mistakes . . . before it is haled into federal court." *See Woodford v. Ngo*, 548 U.S. 81, 88-90 (2006); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings . . . exhaustion is a prerequisite to suit."). Because

---

[5] *See*, *e.g.*, *Gentilquore v. Bailey*, No. 1:23-CV-1034, 2025 WL 861396, at *6 n.5 (M.D. Pa. Mar. 19, 2025); *Lee-Chima v. Hughes*, No. 1:20-CV-2349, 2025 WL 778060, at *8 n.6 (M.D. Pa. Mar. 11, 2025); *Nelson v. Hauser*, No. 4:22-CV-00686, 2023 WL 8602286, at *4 n.50 (M.D. Pa. Dec. 12, 2023).

[6] *See*, *e.g.*, *Daly v. Pennsylvania Dep't of Corr.*, No. 1:20-CV-00023-SPB, 2024 WL 4480103, at *16 (W.D. Pa. Aug. 7, 2024) ("Daly has no viable claim for compensatory, nominal, or punitive damages against any Defendant . . . because he did not request such damages during the administrative process."), report and recommendation adopted, 2024 WL 4284680 (W.D. Pa. Sept. 25, 2024); *Mills v. Rogers*, No. 1:20-CV-00266, 2024 WL 3034099, at *18 (M.D. Pa. June 17, 2024) ("Plaintiff did not indicate that he was seeking declaratory relief or nominal damages at any point during the grievance process . . . Accordingly, the Court will dismiss any requests for declaratory relief or nominal damages.").

[7] If a plaintiff has properly exhausted a claim for monetary or equitable relief against a defendant, it may be appropriate to permit an attendant, unexhausted claim for nominal damages against that defendant.

Zhinin has not exhausted any of his claims for monetary, declaratory, or nominal damages against Sottile, Sottile is entitled to summary judgment.

## V. CONCLUSION

Accordingly, summary judgment will be granted to Sottile, and the case will proceed on Zhinin's claims against Booher. An appropriate order follows.

**Dated: August 7, 2026**

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States District Judge**